

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 4, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. J. H. Rasco, Director
Livestock Sanitary Commission
2002 W. T. Waggoner Building
Fort Worth 2, T e x a s

Opinion No. V-449

Re: Payment of travel
expenses of person-
nel of the Livestock
Sanitary Commission
from funds appropriat-
ed by H. B. 19, 50th
Leg.

Dear Sir:

Your request for an opinion concerns the pay-
ment of expenses of the State Veterinarian and the Lab-
oratory Director of the Livestock Sanitary Commission
while attending a meeting of the United States Livestock
Sanitary Association in Chicago from December 1 through
5 from the $150,000.00 appropriation in H.B. 19, 50th
Legislature. By letter dated November 10, 1947, this of-
fice advised Hon. Roy Loventhal, Chairman, Livestock
Sanitary Commission, that the contemplated trip of Doc-
tors Jim L. Adrian, State Veterinarian, and Donald D.
Demke, Laboratory Director, to Chicago was State business,
and said letter was "written in accordance with the pro-
visions of S. B. No. 391, Sec. 2 (11), 50th Leg." (Gen-
eral Appropriation Bill for State Departments and Agencies).

Sections 1 and 4, the pertinent parts of H. B.
19 under consideration, are as follows:

"Section 1. It shall be the duty of
the Livestock Sanitary Commission to estab-
lish quarantines against other States, ter-
ritories and foreign countries and portions
thereof, and against certain areas of the
territory of the State or subdivisions there-
of whenever, in the judgment of the Commis-
sion, such quarantines may be necessary or
advisable to prevent an outbreak of Foot and

Mouth Disease in Texas, and to otherwise
establish quarantines within the State
of Texas in such form and manner as to
said Commission may appear to be necessary
or advisable, in order to prevent an out-
break of Foot and Mouth Disease, or to
prevent a spread of said disease. The
Livestock Sanitary Commission may in such
quarantines, establish in relationship to
Foot and Mouth Disease, forbid and prohibit
all movement of livestock of any character
or description and commodities and other
goods and articles as shall in the order
establishing such quarantine be specified.
Notice of such quarantine, when so estab-
lished, shall be given as now provided by
law for other quarantines established by the
Livestock Sanitary Commission. . . .

"In order that the provisions of this
Act may be effectively carried out and admin-
istered and in order to prevent an outbreak
of Foot and Mouth Disease within the State of
Texas there is appropriated as an emergency
appropriation from the General Revenue Fund of
the State of Texas the sum of One Hundred and
Fifty Thousand Dollars ($150,000), which sum
shall be and is made available from and after
the passage of this Act to the Livestock Sani-
tary Commission to be used for the specific
purpose of carrying out the provisions of this
Act in the prevention or spread of an outbreak
of Foot and Mouth Disease in this State; this
appropriation to be available to the Livestock
Sanitary Commission for and only for the pur-
pose of quarantines, or such other measures
that may be adopted by the Livestock Sanitary
Commission for the prevention and spread of an
outbreak of Foot and Mouth Disease, and, if and
when, in the opinion of the Livestock Sanitary
Commission there no longer remains a threat or
danger of an outbreak or spread of Foot and
Mouth Disease in Texas, said Commission shall so
certify and the unused portion of this appropria-
tion shall thereupon revert to the General Reve-
nue Fund of the State. The Livestock Sanitary
Commission is hereby authorized to use any or all
of the money appropriated by this Act in any man-
ner it deems necessary for the carrying out of

the provisions of this Act; in the ex-
penditure of the funds appropriated by
this Act the Livestock Sanitary Commis-
sion shall not be bound by the limita-
tions contained in Senate Bill 317,Acts
of the Regular Session of the Forty-
ninth Legislature."   (Emphasis supplied)

The provisions of H.B. 19 relate solely to
the establishment of quarantines to prevent an out-
break of foot and mouth disease in Texas or to prevent
its spread.  As stated in the Act, the $150,000 ap-
propriation now available to the Livestock Sanitary Com-
mission is to be used only for the purpose of quaran-
tines or other measures adopted by the Commission to
combat the outbreak of foot and mouth disease in Texas.

We believe that the Legislative intent in us-
ing the language "or such other measures" was to refer
to other preventive means or methods of combating foot
and mouth disease, such as quarantines, and did not en-
compass payment of traveling expenses of the Commission's
officers and employees while attending a national meet-
ing or convention where this disease will be a main top-
ic of discussion.

It is true that the Act provides that the Com-
mission is authorized to use the money "in any manner it
deems necessary for the provisions of this Act," and
that it shall not be bound by the provisions of the gen-
eral appropriations Act of the 49th Legislature. (S.B.
317)

However, we believe the above language is limit-
ed by the specific words of the Act that the money is to
be used "for and only for "(1)" the purposes of quarantines"
or (2) other measures adopted for the prevention and spread
of the disease.  Though there may be room for difference of
opinion on the matter, it is our conclusion that participa-
tion in a general Livestock Sanitary Convention in Chicago,
where only a portion thereof is devoted to Hoof and Mouth
Disease, may not be classed as a measure adopted for the
prevention and spread of Hoof and Mouth Disease.  Of course
it is not a quarantine.

It is further true that H.B. 19 authorizes expen-
ditures for travel expense without the limitations of the
riders of the Appropriation Bill of the 49th Legislature.
We construe such provisions to relate to travel directly

associated with one of the two specifically named purposes. We do not consider a general national convention to be within these purposes.

However worthy the Commission's purposes in sending its representatives to the Chicago meeting, and however valuable their participation in the discussions there, money may not be paid from the State Treasury except in pursuance of the appropriation made by the Legislature, and with the limitations prescribed therein. The definition of the term "appropriation" involves an idea of a fund set aside for a specific purpose or use, and it is well established that public moneys may not be diverted from that specific purpose for which they were appropriated. 6 Corpus Juris Secundum, p. 123; 34 Tex. Jur. 314.

You are, therefore, advised that traveling expenses of the State Veterinarian and of the Laboratory Director of the Livestock Sanitary Commission to be incurred while attending a meeting of the United States Livestock Sanitary Association in Chicago may not be paid from the $150,000 appropriation contained in H.B. 19, 50th Legislature, but that such travel expense should be charged to the amount provided generally for your department by the 50th Legislature in the General Appropriation Bill.

## SUMMARY

Traveling expenses of the Livestock Sanitary Commission's representatives in attending a national meeting of livestock sanitary officials may not be paid from the appropriation contained in H.B. 19, 50th Legislature, (Emergency Hoof and Mouth Disease Quarantine Act) but must be charged to the regular Departmental appropriation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *James T. Bryan*

James T. Bryan
Assistant

JTB/mw/lh